AMY, J.,
dissenting.
| iMs. Davis identified her “desire” that the “note automatically be cancelled upon her death and the note be returned to the vendees.” The majority finds that this statement was a negotiated element of the underlying contract and was not gratuitous in nature. Accordingly, the majority finds no violation of La.Civ.Code art. 1467, which provides that “[pjroperty can neither be acquired nor disposed of gratuitously except by donations inter vivos or mortis causa, made in one of the forms hereafter established.”
In my view, the cancellation clause fits squarely within the definition of a donation mortis causa as it was “an act to take effect at the death of the donor by which he disposes of the whole or a part of his property.” La.Civ.Code art. 1469. Although tentatively expressed as a “desire,” the clause anticipated the occurrence of an act that would take effect only at her death. It would dispose of a portion of Ms. Davis’s property at that time. It is clear that the cancellation clause was not in a form prescribed either by Article 1467, quoted above, or La.Civ.Code art. 1570, which provides that “[a] disposition mortis causa may be made only in the form of a testament authorized by law.” Accordingly, I conclude that the trial court erred in finding the clause enforceable and in canceling the associated mortgage and lien.
For these reasons, I respectfully dissent.